**U. S. VAN LINES, INC.**

**v.**

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

**Bekins Van Lines Co. et al., Intervening Defendants.**

**Civ. A. No. 16238.**

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 11, 1972.

---

Reynolds & Reynolds, Atlanta, Ga., for plaintiff.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., James F. Tao, Washington, D. C. (ICC), for defendants.

Before MORGAN, Circuit Judge, HENDERSON and MOYE, District Judges.

ALBERT J. HENDERSON, Jr., District Judge.

U. S. Van Lines, Inc. seeks to enjoin, set aside, annul and suspend in its entirety, an order of the Interstate Commerce Commission, Operating Rights Review Board Number 3, denying the plaintiff's application for elimination of certain gateways. This court has jurisdiction over this matter pursuant to 49 U.S.C. § 305(g) and (h), 28 U.S.C. §§ 1336, 2284, 2321–2325, and Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 702–706.

On October 24, 1969, the plaintiff, U. S. Van Lines, Inc., a Delaware corporation, with its principal place of business in Atlanta, Georgia, filed an application with the Interstate Commerce Commission seeking a certificate of public convenience and necessity authorizing operation in interstate commerce as a common carrier by motor vehicle transporting household goods over irregular routes, (1) between points in states west of the Mississippi River, except Nevada and New Mexico and (2) between all the above points and points in states east of the Mississippi River and the District of Columbia.

The application notes that the purpose of the application was to eliminate certain gateways and eliminate circuitous mileage and certain non-service areas.

A hearing before the examiner was held April 14, 15 and 16 and May 7, 1970, in Washington, D. C., with Bekins Van Lines Co., Lyon Van Lines, Inc., North American Van Lines, Inc., Aero Mayflower Transit Company, Inc., United Van Lines, Inc., and Allied Van Lines, Inc., opposing the application. The Department of Defense intervened in support of the application.

In the so-called gateway elimination cases, it is undisputed that the applicable criteria governing the plaintiff's burden of proof is:

(1) whether applicant is actually transporting a substantial volume of traffic from and to the points involved by operating in good faith through the gateway and, in so operating, is effectively and efficiently competing with the existing carriers, and

(2) whether the elimination of the gateway requirement would enable applicant to institute a new service or a service so different from that presently provided to materially improve applicant's competitive position to the detriment of existing carriers. In the former instance, a grant of the authority sought is justified solely upon proof that the proposed operation would result operating economies, which although primarily a benefit to the applicant, indirectly benefit the public through the medium of more efficient and economical service.

. . .

Childress Elimination of Sanford Gateway, 61 M.C.C. 421.

In substance, the plaintiff contends that about 55 percent of its traffic originates with the Department of Defense and that the Interstate Commerce Commission acted arbitrarily and capriciously by its refusal to consider such evidence for the purpose of determining whether the plaintiff actually transports a substantial volume of traffic over the gateways it seeks to have eliminated.

The Commission's policy of not considering Department of Defense traffic began in Von Der Ahe Van Lines, Inc., 83 M.C.C. 821 in 1960, when the Commission held that traffic moving for the Department of Defense was not competitive since the moving companies were selected on a rotation basis and, consequently, such traffic should not be con-

**1050**

sidered for the purpose of satisfying the criteria for elimination of gateways.

However, the plaintiff urges that the Commission has changed its policy and now considers Department of Defense traffic in gateway elimination cases, as shown in King Van Lines, Inc., 114 M.C.C. 866 (1972) and Wheaton Van Lines, Inc., Docket No. MC–87113 (Sub-No. 10) (1972).

While disagreeing with this assertion of the plaintiff, the defendants claim that whether the Department of Transportation traffic is competitive or non-competitive and admissible to show that the plaintiff transported a substantial volume of traffic over the gateways is irrelevant in this case, because, as a result of the manner by which the plaintiff attempted to introduce such evidence at the hearing before the trial examiner, the plaintiff failed to show that it in fact transported any such traffic through its gateway.

The Hearing Examiner found at page 23 of his Recommended Report and Order that:

The applicant relied greatly upon the statistics set out in Exhibits 29 and 36. As urged by the protestants, these were not only insufficiently supported by complete and self-explanatory underlying documents but, as in the case of Exhibit 36, the interpretation of the data shown therein was predicated upon estimates formulated under tenuous circumstances unsupported by probative documentation.

Exhibit 36 purported to be a summary of the plaintiff's traffic moving in 1969. Testimony set out in the transcript of the hearing before the trial examiner reveals that the exhibit was not made in the regular course of business, but solely for the purpose of presentation at the hearing (T. 421, 422) and that this exhibit was not supported in the evidence by bills of lading and driver's logs (.T. 448).

■ While abstracts of original shipping documents may be introduced in evidence, these abstracts must be supported by the production of the original records and opposing counsel must be afforded a reasonable opportunity to examine such records. Gillette Motor Transport, Inc., No. MC–2309 (Sub-No. 39), 11 F.C.C. section 33449 (Nov. 1959).

■ Because the plaintiff did not have the requisite supporting documentation, it was not possible for the Hearing Examiner nor the protestants to determine whether or to what extent the plaintiff transported traffic through its gateways. Without proper proof of traffic moving through its gateways, the plaintiff obviously could not establish that it met the criteria for gateway elimination as set out in *Childress, supra.*

■ The test to be applied in reviewing an action of an administrative agency, such as the Interstate Commerce Commission, is whether the ultimate findings are based on substantial evidence when the record is viewed as a whole, and whether the agency action is arbitrary or capricious. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S. Ct. 456, 95 L.Ed. 456 (1951).

Clearly, the testimony before the Hearing Examiner offers substantial support for the finding that the evidence tendered by the plaintiff to show gateway traffic was not properly supported by probative documentation.

As stated earlier, the defendants also deny that, since the decision in Von Der Ahe Van Lines, Inc., *supra*, the Commission has consistently held that Department of Defense traffic will support the elimination of gateways, but argue that the Commission's grant of the applications in *King, supra*, and *Wheaton, supra*, does not dictate a similar grant in the present case.

The determination of whether, in light of *King* and *Wheaton*, Department of Defense traffic should be given weight in a gateway elimination case is not necessary for the disposition of this case. As previously discussed, the evidence of Department of Defense traffic tendered by the plaintiff was not properly sup-

ported by documentation, and, we need not consider how such evidence should have been weighed by the Hearing Examiner had it been properly introduced. For this same reason, we need not consider the other secondary issues raised by the plaintiff.

Accordingly, for reasons stated herein, the plaintiff's prayers for relief are hereby denied.